UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | CASE No. 1:12-cv-01828-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| PAIN MANAGEMENT COMMITTEE STAFF AT CORCORAN STATE PRISON, | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendant. | |

**FIRST SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Roberto Herrera is a state prisoner proceeding pro se in this civil rights action filed on November 8, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

///////

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff suffers from multiple healed bone fractures, repaired with internal fixation, and related degenerative disease resulting in chronic pain while walking and standing and trouble sleeping. (Compl. at 2 § IV.)

Pain Management Committee Staff ("Committee") at Corcoran State Prison ("CSP"), has a policy ("Policy") under which primary care physicians are not allowed to

provide chronic pain treatment unless approved by the Committee. (Id. at 2-3 § IV.)

The Committee, on October 18, 2012, denied use of opiates for treatment of Plaintiff's chronic pain in deliberate indifference to his serious medical needs, violating his Eighth Amendment rights. (Id. at 3 § IV.)

Plaintiff names the Committee as Defendant in this action, conceding he does not know the names of the individual Committee members. (Id. at 2 § III.)

Plaintiff seeks monetary compensation and an emergency temporary injunction that CDCR Chief Zamora stop the Policy, and that counsel be appointed to represent him. (Id. at 4 § V.)

## IV.    ANALYSIS

### A.    Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. The Committee is not a Proper Defendant

#### 1. The CDCR is not liable under § 1983

Plaintiff may not bring suit against the CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff may not by this action seek relief against the CDCR by purporting to name the Committee.

#### 2. No Committee Member is Individually Named

Plaintiff may not bring suit against unnamed defendants. Fed. R. Civ. P. 8(a). He does not identify any individual defendant or use the alternative available where, as here, identities are unknown, in which case Plaintiff may attribute injurious acts to a "John Doe" defendant.

"[A]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, "[i]t is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010). If Plaintiff chooses to name Doe(s), he must identify how each such named Doe defendant is liable for a constitutional violation. Dempsey v.

Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr.9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct.14, 2009).

Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the defendants' actual names. The burden is on Plaintiff to promptly discover the full names of Doe defendants. Robinett, 2010 WL 2867696 at *4.

In any amended pleading, Plaintiff must allege facts sufficient to support a finding that each named or Doe defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights. He must attribute wrongful acts to one or more specific such defendants, even those identified as "Doe 1", "Doe 2", and so on.

**C.     Failure to Exhaust**

Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. There is no exception to the exhaustion requirement for imminent harm.

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Three levels of appeal are involved; the First Level,

Second Level, and Third Level. Id. at §§ 3084.2, 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the appeals coordinator. Id. at § 3084.8(b). Prison officials are afforded thirty working days for responding to First Level appeals. Id. at § 3084.8(c). Once the Third Level review is complete, the inmate has exhausted administrative remedies. Id. at § 3084.1(b).

Plaintiff's Complaint on its face suggests a failure to exhaust administrative remedies. He alleges a constitutional violation occurring October 18, 2012. (Compl. at 3:5-7.) He could not have exhausted administrative remedies prior to filing this action on November 8, 2012. Defendant was not obliged to dispositively respond to a grievance relating to an October 18, 2012 event prior to November 8, 2012, the date Plaintiff filed this action. Further, Plaintiff's Complaint claims he exhausted administrative remedies December 20, 2011. (Id. at 2 § II. C.) Plaintiff could not have exhausted in December 2011 a claim that did not arise until October 2012.

Plaintiff alleges nothing to show an exception to the exhaustion requirements. See Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable.)

If Plaintiff chooses to file an amended pleading, he must allege true facts showing exhaustion or an exception to the exhaustion requirement.

### D. Medical Indifference

Plaintiff alleges the Committee was deliberately indifferent to his serious medical needs by denying him treatment with opiates, violating his Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

Here, Plaintiff's allegation that his surgically reconstructed bone fractures cause chronic pain while walking and standing and trouble sleeping is sufficient to show a serious medical need. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has

-8-

alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, his allegations are not sufficient under the above standards to show deliberate indifference to his medical needs. The Complaint reflects that he has received ongoing access to primary medical care and to the Committee. Nothing before the Court suggests deliberate indifference or intentional denial, delay or interference with care or treatment of his medical needs. Rather it appears only that there was and is disagreement between Plaintiff and some primary care practitioners, on the one hand, and the Committee, or some of its members, on the other hand.

Disagreement as to treatment among health professionals and/or between inmate and prison medical staff is not a basis for deliberate indifference unless the course chosen by Defendants is medically unacceptable and with conscious disregard of an excessive risk to his health. Likewise, unnecessary delay in implementing a prescribed or required treatment may constitute deliberate indifference where medically unacceptable under the circumstances.

The Complaint's allegations fall short of alleging any clear diagnosis, prescribed treatment(s) and medication(s), or that Plaintiff's care and treatment therefor has been medically unacceptable. Plaintiff's desire to be treated with opiates, without more is not sufficient to state a federal claim. See Evan v. Manos, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004) (so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.) It is not clear that Plaintiff has been definitively diagnosed, or that any specific treatment and medication plan has been made by any health care provider or the Committee.

Plaintiff has not alleged the Committee's criteria for prescription of opiates. Significantly, he does not explain why he feels treatment with opiates is the only medically acceptable treatment.

Plaintiff suggests unidentified physicians told him they can not provide effective medication without violating the Policy, but he fails to allege facts that would enable the Court to identify the basis for the allegation, such as the precise condition(s) to be treated, the medication(s) prescribed and those thought to be necessary, what the Policy provides and how and when it allows and precludes use of such medication(s).

Accordingly, even if Plaintiff had properly named individual defendants on the Committee, he has failed to allege deliberate indifference. The Court will grant Plaintiff an opportunity to amend this claim. If he chooses to amend he must set forth sufficient facts showing, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant acting under color of state law.

### E.   Injunctive Relief

Plaintiff seeks an emergency temporary injunction ordering CDCR Chief Zamora to stop the Policy, and appointing counsel to assist him in identifying Defendants.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not named CDCR Chief Zamora as a Defendant. Plaintiff cannot seek relief against a party not named in his pleading. Fed. R. Civ. P. 8(a).

Plaintiff has not demonstrated that he is likely to succeed on the merits of his Eighth Amendment medical indifference claim for the reasons stated above.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998). At this point Plaintiff has no cognizable claim, and no case or controversy before the Court.

Nothing in his pleading suggests real and immediate threat of injury. See City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or

controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Plaintiff's disagreement with prison medical staff's treatment of his chronic pain is not alone sufficient to suggest he is under any real and immediate threat of injury, or that the balancing of equities and public interest weighs in his favor.

Plaintiff's request for appointment of counsel likewise fails for lack of requisite exceptional circumstances. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff fails to properly name any Defendant and states no cognizable Eighth Amendment claim. It is not apparent on the record that Plaintiff has exhausted diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

Accordingly, Plaintiff's allegations do not support jurisdiction to order, and entitlement to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

**V.     CONCLUSION AND ORDER**

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

-12-

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed November 8, 2012,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   November 30, 2012         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE