1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| ROBERTO HERRERA, | CASE No. 1:12-cv-01828-MJS (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR EMERGENCY TEMPORARY INJUNCTIVE RELIEF |
| v. | (ECF Nos. 2, 6) |
| PAIN MANAGEMENT COMMITTEE STAFF AT CORCORAN STATE PRISON, | |
| Defendant. | |
| _____/ | |

11
12
13
14
15
16
17
18
19
20
21
22

I.    **PROCEDURAL HISTORY**

23

Plaintiff Roberto Herrera is a state prisoner proceeding pro se and in forma

24

pauperis in this civil rights action filed November 8, 2012 pursuant to 42 U.S.C. § 1983.

25

(Compl., ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (Consent to

26
27

Magistrate, ECF No. 5.)

The Court screened Plaintiff's Complaint and dismissed it on November 30, 2012 for failure to state a claim, but gave Plaintiff leave to file an amended complaint. (Order Dismiss. Compl., ECF No. 8.)

Pending before the Court are two separate, but essentially duplicative, motions filed by Plaintiff on November 8, 2012 and November 26, 2012 seeking emergency temporary injunctive relief. (Mot.'s for Temp. Inj. Relief, ECF Nos. 2, 6). Plaintiff wants the Court to order California Department of Corrections and Rehabilitation ("CDCR") Chief Zamora to stop, at all state prisons, carrying out the pain management committee's ("Committee") policy ("Policy") of prohibiting primary care providers from providing effective treatment of inmates with chronic pain. (Mot. for Temp. Inj. Relief, ECF No. 2 at 1:8-27; Mot. for Temp. Inj. Relief, ECF No. 6 at 1:12-16.) He wants an order that all chronic pain inmates be provided effective treatment. (Mot. for Temp. Inj. Relief, ECF No. 2 at 1:9-2:25.)

## II.   **LEGAL STANDARD**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at

22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." <u>Rizzo v. Goode</u>, 423 U.S. 362, 378 (1976).

## III.   ARGUMENT

Plaintiff contends the Committee Policy amounts to medical indifference in violation of the Eighth Amendment because under the Policy the Committee, not primary care providers, decides who will or will not receive further effective chronic pain treatment; the inmates have no access to or participation in the Committee process and Committee decisions;[1] and the Committee acts negligently because it does not base decisions on test results.

He includes in support of his motions an October 18, 2012 Notification of Pain Management Committee Recommendation to his primary care provider that "no opiates are medically indicated." (Mot. for Inj. Relief, ECF No. 2 at 4); and January 30, 2012 consultative findings by an orthopaedic surgeon of right heel tenderness and a recommendation to remove symptomatic screws in the heel. (Mot. for Inj. Relief, ECF No. 2 at 5.)

---

[1] Plaintiff does not allege any facts supporting denial of process due relative to the Committee Policy.

1

2

**IV.    ANALYSIS**

3

    **A.    Unsigned Motion**

4

    Plaintiff's motion filed November 26, 2012 is not signed.

5

    Every written motion must be signed by a party personally if, as here, the party is

6

unrepresented, and it may be stricken if the signature omission is not corrected

7

promptly. Fed. R. Civ. P. 11(a).  Plaintiff's November 26th motion is not properly before

8

the Court.

9

    Even if Plaintiff's motion were signed, if would be denied for the reasons stated

10

below.

11

    **B.    Plaintiff may not pursue claims on behalf of Other Inmates**

12

13

    Plaintiff in part seeks relief for all similarly situated inmates in state prisons. This

14

is not a class action and Plaintiff, as an individual, does not have standing to assert a

15

violation of the rights of any other inmate. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308

16

(9th Cir.1982), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S.

17

59, 80 (1978) (party must assert [his] own rights not those of third parties); accord,

18

Warth v. Seldin, 422 U.S. 490, 499 (1974).

19

20

    **C.    No Relief Against Non-Party**

21

    Plaintiff has not named CDCR Chief Zamora as a Defendant in this action.

22

Plaintiff can not seek relief against a party not named in his pleading. Fed. R. Civ. P.

23

8(a). Generalized injunctive relief against unidentified CDCR staff is not permissible.

24

The PLRA states that:

25

    [T]he court shall not grant or approve any prospective relief unless the court finds

26

    that such relief is narrowly drawn, extends no further than necessary to correct

27

-4-

1
2
3
4

the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

5
6
7

18 U.S.C. § 3626(a)(1)(A). Similar requirements apply with respect to temporary restraining orders and preliminary injunctive relief. See 18 U.S.C. § 3626(a)(2).

8

### D.    No Likelihood of Success on the Merits

9
10
11
12
13
14
15
16
17
18

Plaintiff has failed at this early stage of the litigation to allege facts demonstrating a likelihood of success on the merits. His underlying pleading, like the instant motions, seeks emergency injunctive relief ordering CDCR Chief Zamora to end the Policy. The underlying complaint, including its request for injunctive relief,has been dismissed for failure to state a claim. (Order Dismiss. Compl. at § V.) Plaintiff, having yet failed to plead a cognizable federal claim,  has no case or controversy pending before the Court. See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982) If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.

19
20
21
22
23
24
25
26
27

Plaintiff fails to demonstrate any likelihood of success on allegations that the Committee Policy for approving medication violates the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096, quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096, citing <u>McGuckin</u>, 974 F.2d at 1060.

Disagreement between Plaintiff and some primary care providers, on the one hand, and the Committee, on the other hand, is not a basis for a deliberate indifference claim unless the course chosen by the Committee is medically unacceptable and with conscious disregard of an excessive risk to his health. <u>See</u> <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>see also</u> <u>Snow v. McDaniel</u>, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

Nothing before the Court demonstrates the medical unacceptability of any diagnosis, treatment, medication, physician's order or chrono, or of Plaintiff's care and treatment generally. Plaintiff's frustrated desire to be treated with opiates, without more, is not sufficient to state a federal claim. <u>See</u> <u>Evan v. Manos</u>, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004) (so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.) Plaintiff does not describe the Committee's criteria for pain management and prescription of opiates. He does not explain why he feels treatment with opiates is the only medically acceptable treatment for him.

It appears Plaintiff has received ongoing access to primary medical care and to

1   the Committee. Nothing before the Court suggests deliberate indifference or intentional

2   denial, delay or interference with care or treatment of his medical needs.

3          Even if Plaintiff were correct the Policy reflects medical negligence or forces

4   medical personnel to act negligently, mere negligence, or medical malpractice, does not

5   support Eighth Amendment Deliberate Indifference." Broughton v. Cutter Laboratories,

6   622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429 U.S. at 105–06. Even gross

7

8   negligence is insufficient to establish deliberate indifference to serious medical needs.

9   See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

10         **E.      No Irreparable Harm**

11         Plaintiff has failed to demonstrate irreparable harm. See City of Los Angeles v.

12

13  Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of

14  injury, and "past exposure to illegal conduct does not in itself show a present case or

15  controversy regarding injunctive relief . . . if unaccompanied by any continuing, present,

16  adverse effects.")

17         He alleges no facts suggesting harm arising from Committee Policy. The instant

18

19  motions do not demonstrate any medical indifference or suggest a risk arising therefrom.

20  His underlying pleading likewise fails to allege any such risk of harm.

21         **F.      Balance of Equities and Public Interest Not in Plaintiff's Favor**

22         The absence of a showing of likelihood of success on the merits, and of

23  irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or

24  suggest that an injunction would be in the public interest.

25         In any event, absent the existence of exceptional circumstances not present here,

26

27  the Court will not intervene in the day-to-day management of prisons. See e.g., Overton

v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

Plaintiff's allegations do not support an entitlement to injunctive relief.

**V.      CONCLUSION AND ORDER**

Plaintiff fails to provide facts which would enable the Court to find that he is in need of and entitled to injunctive relief.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions seeking emergency temporary injunctive relief (ECF Nos. 2, 6) are DENIED without prejudice.


IT IS SO ORDERED.

Dated:    December 21, 2012         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE