UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAIN MANAGEMENT COMMITTEE STAFF AT CORCORAN STATE PRISON,<br><br>    Defendants.<br>_____/ | CASE No. 1:12-cv-01828-MJS (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM  SUBJECT TO 28 U.S.C. § 1915(g)<br><br>(ECF No. 21)<br><br>CLERK TO CLOSE CASE |

    Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 8, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to extend magistrate judge jurisdiction to all matters and purposes. (Consent to Magistrate, ECF No. 5.)

    The Court screened Plaintiff's Complaint and dismissed it on November 30, 2012 for failure to state a claim, but gave Plaintiff leave to file an amended complaint not later than January 3, 2013. (Order Dismiss. Compl., ECF No. 8.) The January 3rd deadline passed without Plaintiff filing an amended complaint or requesting an extension of time to do so.

    On January 22, 2013, the Court issued its Order that within fourteen days Plaintiff either show cause why his case should not be dismissed with prejudice for

1  failure to comply with the Court's November 30, 2012 Order or he file an
2  amended complaint. (Order Show Cause, ECF No. 21.)
3       On February 4, 2013, Plaintiff filed a response to the January 22nd Order,
4  re-arguing allegations in his previously dismissed Complaint. (Resp. to OSC, ECF No.
5  22.) He also re-argues his December 20, 2012 Motion to Appoint Counsel (Mot. Appt.
6  Counsel, ECF No. 14). That motion had been denied by the Court on December 21,
7  2012. (Order Den. Counsel, ECF No. 18.) Plaintiff claims he can not file an amended
8  complaint because appointment of counsel is necessary to enable him to do so.
9       Plaintiff's response to the Court's January 22nd Order does not address the
10 Court's concerns, respond to its Order or provide any basis for reconsideration of the
11 Order Dismissing the Complaint. He identifies no new facts, no legal or factual error,
12 and no other grounds justifying reconsideration of either Order.
13      Plaintiff has not diligently prosecuted this action. He has failed to comply with the
14 Court's Order that he file an amended pleading correcting the deficiencies identified in
15 the First Screening Order. An amended pleading, according to Plaintiff, can not be
16 prepared unless counsel is appointed to assist him. However, the Court has not found
17 this action presents exceptional circumstances for appointment of counsel. Plaintiff has
18 demonstrated no basis for reconsideration of this ruling.
19      Plaintiff may not simply refuse to prosecute this matter in the absence of
20 appointed counsel. Local Rule 110. He was warned that failure to file an amended
21 pleading as ordered by the Court would result in dismissal of this action.
22      Plaintiff has failed to show cause why his case should not be dismissed with
23 prejudice for failure to comply with the Court's November 30, 2012 Order, and he has
24 failed to file an amended complaint as ordered by the Court.
25 ////////
26 ////////
27 ////////
28 ////////

Accordingly, it is HEREBY ORDERED THAT this action be DISMISSED for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   February 9, 2013              /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE